## Case No. 5,787.

### In re GREENVILLE & C. R. CO.

### Ex parte SCANNELL et al.

[5 Chi. Leg. News, 124; 6 Alb. Law J. 422.][1]

District Court, D. South Carolina. Nov. 12, 1872.

PETITION FOR INVOLUNTARY BANKRUPTCY—WHEN THE STATE A CREDITOR — RAILROAD CORPORATION SUBJECT TO ACT—FAILURE TO PAY INTEREST COUPONS — WHETHER ACT OF BANKRUPTCY.

1. That whatever interest the state may have in or upon the property of the company if it is a bankrupt, the jurisdiction of the bankrupt court is not ousted because the state is a creditor.

2. That a railroad corporation, under the act and decisions upon the act, is a corporation subject to the bankrupt act.

3. That the interest coupons severed from the bonds are commercial paper, and if the railroad company were "a banker, broker, merchant, trader, manufacturer or miner," the non-payment of its coupons for fourteen days would be an act of bankruptcy; but as it does not fall within any one of these, the penalty for such stoppage does not attach.

4. The court fails to find the company insolvent.

[Petition by Daniel E. Scannell and others to have the Greenville & Columbia Railroad Company declared a bankrupt.]

This case was ably argued in July last, and taken under advisement.

BRYAN, District Judge. The issues made by the pleadings in this case are as follows: First. Whether this court has jurisdiction, the state of South Carolina having instituted proceedings as guarantor upon the bonds of the respondent, and in the state court, under which all the property of the company has been taken possession of. Second. Whether the Greenville & Columbia Railroad Company is a corporation, subject to the provisions of the bankrupt act? Third. Whether the interest coupons, severed from the bonds, are commercial paper, and the non-payment thereof for fourteen days is an act of bankruptcy? Fourthly. Whether the Greenville & Columbia Railroad Company was bankrupt and insolvent at the time it suffered judgment to be taken against it by default? Fifthly. Whether being bankrupt and insolvent, the respondent suffered judgment to be taken against it, with intent thereby to give a preference to those creditors, or to defeat or delay the operation of the bankrupt act? Sixth-

ly. Whether the respondent has suffered its property to be taken on legal process, with intent thereby to defeat and delay the operations of the bankrupt act [of 1867 (14 Stat. 517)] in the case of the State ex relatione the Attorney General against the Greenville & Columbia Railroad Company [case unreported]?

As to the first question, I hold that whatever the interest or lien the state may have in or upon the property of the Greenville & Columbia Railroad Company, if said company be bankrupt, the jurisdiction of the bankrupt court is not ousted because the state is a creditor.

As to the second question, I hold that the Greenville & Columbia Railroad, under the act and decisions upon the act, is a corporation subject to the provisions of the bankrupt act.

As to the third question, I hold that the terest coupons severed from the bonds, are commercial paper, and if the Greenville Railroad were "a banker, broker, merchant, trader, manufacturer or miner," the non-payment of its coupons for fourteen days would be an act of bankruptcy; but as it does not (in my opinion) fall within any one of these classes, the penalty for such stoppage does not attach.

As to the fourth question, (acting instead of a jury,) I have not been able to find the insolvency of the company, or decide that it is insolvent.

As to the fifth and sixth questions, not having found the Greenville & Columbia Railroad insolvent, it is not necessary that I should decide them.

I have simply stated my conclusions upon the issues presented, without arguing them, and without reference to the authority upon which they rest for support. Time has not permitted more. Let the decree be entered accordingly.